IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF
FLORIDA FORT MYERS DIVISION

LAURIE ALICE GIORDANO, as Personal
Representative of the Estate of ZACHARY
TYLER MARTIN-POLSENBERG,

     Plaintiff,                          CASE NO.:

v.

THE SCHOOL BOARD OF LEE
COUNTY, FLORIDA, SCHOOL DISTRICT
OF LEE COUNTY, GREGORY K. ADKINS,
ED.D., as Superintendent of the SCHOOL
DISTRICT OF LEE COUNTY, Political
Subdivisions of the State of Florida, JAMES
DELGADO, individually and in his official
capacity, and LEE COUNTY EMS, by and
through LEE COUNTY, a Political Subdivision
of the State of Florida

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

      COME NOW, the Plaintiff, LAURIE ALICE GIORDANO, as Personal Representative

of the Estate of ZACHARY TYLER MARTIN-POLSENBERG, and hereby brings the following

suit against the Defendants, SCHOOL BOARD OF LEE COUNTY, FLORIDA, SCHOOL

DISTRICT OF LEE COUNTY, GREGORY K. ADKINS, ED.D., as Superintendent of the

SCHOOL DISTRICT OF LEE COUNTY, Political Subdivisions of the State of Florida, JAMES

DELGADO, individually and in his official capacity, and LEE COUNTY EMS, by and through

LEE COUNTY, a Political Subdivision of the State of Florida, and allege as follows:

## THE PARTIES

1.      Plaintiff, LAURIE ALICE GIORDANO, as Personal Representative of the Estate of ZACHARY TYLER MARTIN-POLSENBERG (hereinafter "Plaintiff"), is a resident of Lee County, Florida, and is entitled to bring this action as the personal representative of Zachary Tyler Martin-Polsenberg's estate.

*2.*      Defendants, SCHOOL BOARD OF LEE COUNTY, FLORIDA, SCHOOL DISTRICT OF LEE COUNTY and GREGORY K. ADKINS, ED.D. as Superintendent of the SCHOOL DISTRICT OF LEE COUNTY shall be collectively referred to as "LEE COUNTY SCHOOLS".  Defendants, LEE COUNTY SCHOOLS, are a public-school district located in Lee County, Florida, and is operating as a corporate body under authority of the Florida Legislature pursuant to Fla. Stat. § 1001.40 *et seq.*

3.      Defendant, JAMES DELGADO (hereafter "DELGADO") resides in Lee County, Florida and is sued individually and in his official capacity as head football coach for Riverdale High School (hereinafter "Riverdale High"), a school organized and managed by the LEE COUNTY SCHOOLS.

4.      Defendant, LEE COUNTY EMS, by and through LEE COUNTY, a Political Subdivision of the State of Florida, (hereinafter referred to as "LEE COUNTY EMS"), was an emergency transport service, licensed and doing business in Lee County, Florida, and provided transport and emergency care to ZACARY TYLER MARTIN- POLSENBERG in Lee County, Florida, on June 29, 2017.

## JURISDICTION

5.      Federal question subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 because Counts One and Two below are brought pursuant to 42 U.S.C. §1983.

This Court has Supplemental subject matter jurisdiction over the remaining Counts of this Complaint pursuant to 28 U.S.C. §1367.

## **VENUE**

6. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b).

## **ALLEGATIONS COMMON TO ALL COUNTS**

7. At approximately 7:00 a.m. on June 29, 2017, a healthy ZACHARY TYLER MARTIN-POLSENBERG (hereinafter "ZACHARY") arrived at Riverdale High for summer football practice.

8. ZACHARY had a statutory right to be safe while engaged in school activities such as the summer football practice on June 29, 2017. Fla. Stat. § 1002.20.

9. The LEE COUNTY SCHOOLS was charged with the responsibility of providing for the safety and well-being of ZACHARY while he was engaged in summer football practice on June 29, 2017. Fla. Stat. § 1003.02.

10. In fact, the LEE COUNTY SCHOOLS was required to adopt programs, policies and rules to ensure the safety and well-being of ZACHARY, and to prohibit activities that might threaten his safety and well-being when he attended the summer football practice on June 29, 2017. Fla. Stat. § 1001.43.

11. Finally, the Fourteenth Amendment of the United States Constitution protects school children, like ZACHARY, "from state-occasioned damage to their bodily integrity" and deprivation of life. *Roventini v. Pasadena Independent School Dist.*, 981 F.Supp. 1013, 1018-19 (S.D. Tex. 1997), *citing Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450-51 (5th Cir. 1994).

12. The great emphasis, however, on competitive high school football in Southwest Florida and Lee County conducted by LEE COUNTY SCHOOLS, DELGADO, and in Florida

Complaint and Jury Trial Demand

high schools in general is known throughout the nation.

13.     In the present case, the emphasis of football training and victories over safety led directly to the tragic heat-induced collapse, coma, and eventual death of ZACHARY that began on the Riverdale High practice field on June 29, 2017.

14.     ZACHARY reported to summer football practice at Riverdale High at 6'4" tall and 320 lbs., but was only 16 years old when he fell into a heat-induced coma on June 29, 2017, eventually resulting in his tragic death on July 10, 2017.

15.     ZACHARY never regained consciousness from his collapse on June 29, 2017 and died on July 10, 2017.

16.     DELGADO was conducting football practice on June 29, 2017, pursuant to policies, rules, and regulations of the LEE COUNTY SCHOOLS.

17.     DELGADO chose, and the LEE COUNTY SCHOOLS approved, to conduct summer football practice in June 2017 when they knew or should have known that, due to the heat and weather conditions in June in Southwest Florida, the football practice they had planned would create an extremely serious risk of harm to ZACHARY and the other players.

18.     Unfortunately, as the events of June 29, 2017, would unfold, LEE COUNTY SCHOOLS and DELGADO would consciously violate virtually every standard and regulation issued by the Florida High School Athletic Association (FSHAA) for medical emergencies and precautions that should be taken during football practice in hot weather.

19.     Specifically, LEE COUNTY SCHOOLS and DELGADO violated the regulations of the FHSAA, by act or omission, in ways including but not limited to the following:

    a.   FHSAA Policy 41.3.2

      i.    Official Practice. An official practice is defined as one continuous period of time in which a participant engages in physical activity. It is required that each practice be no more than three hours (3 hours) in length and consist of no more than 90 minutes of intense exercise. Warm-up, stretching, and cool-down activities are to be included as part of the official practice time. All conditioning and/or weight room activities shall be considered part of the official practice beginning on the first calendar day of official sport season.

  b.  <u>FHSAA Policy 41.3.3</u>

      i.    Acclimatization Period.

  c.  <u>FHSAA Policy 41.5</u>

      i.    Rest time should involve both unlimited hydration intake and rest without any activity involved.

      ii.    For every 30 minutes of practice, there must be a minimum 5-minute rest and hydration break.

      iii.    The area identified for rest should be considered a "cooling zone" and out of direct sunlight. This area can include ice sponges, cold immersion tubs and other cooling alternatives to facilitate the cooling process.

      iv.    Coaches should promote a heat injury preventions philosophy by promoting unrestricted access to water at all times without consequence.

      v.    A student-athlete should never be denied access to water if he/she requests.

20. LEE COUNTY SCHOOLS failed to adopt or enforce proper safety requirements to prevent ZACHARY from suffering from heat exhaustion/stroke during the summer football practice on June 29, 2017, or if they did adopt such safety requirements, adopted a policy or custom of failing to enforce such rules, or of requiring their coaches, such as DELGADO, to follow such requirements.

21. After ZACHARY arrived at Riverdale High at approximately 7:00 a.m. on June 29, 2017, DELGADO subjected ZACHARY to an intense football practice to promote discipline with grossly unreasonable content, length, and timing, beginning at or about 7:00 a.m. and continuing for nearly 3 1/2 hours, and concluding with sprints known as "gassers" while the temperature reached 90 degrees as is common in June in Southwest Florida.

22. On information and belief, LEE COUNTY SCHOOLS, knew, and approved of such long practices being conducted by coaches such as DELGADO in the intense heat of June in Southwest Florida.

23. On information and belief, it is common knowledge among football coaches that the heat is substantially increased, and hydration is required during extensive outdoor exercise in Southwest Florida in June.

24. During the June 29 practice, DELGADO did not properly hydrate ZACHARY and the other players at the football practice during the hot and humid Southwest Florida summer.

25. Throughout the practice on June 29, 2017, DELGADO failed to provide ZACHARY adequate amounts of water for hydration and further failed to provide ZACHARY adequate supervision or medical care on the Riverdale High practice field.

Complaint and Jury Trial Demand

26.     Towards the end of the football practice at approximately 10:00 a.m. on June 29, 2017, after a long and grueling 3-hour practice, DELGADO subjected ZACHARY to unreasonably dangerous conditioning drills including sprints to promote discipline and conditioning.

27.     Such drills were conducted in the stifling 90-degree heat of the June day in Lee County, Florida.

28.     Each drill required ZACHARY, after having conducted three hours of weightlifting exercises, running and positional drills, to run sprints without stopping and without hydration breaks between sprints.

29.     During the drills, ZACHARY and other players showed signs of heat exhaustion, heat stroke, and dehydration, and pled with DELGADO to allow them to have water.

30.     DELGADO, however, denied the pleas for water by players.

31.     DELGADO threatened to punish the players who pled for water by telling them he would "kick" ZACHARY and the other players off the team if they stopped the drills to get water, stating, "If you walk off to get water, you walk off the team."

32.     Just after 10:00 a.m. on June 29, 2017, when the team finished the drills and huddled before DELGADO, ZACHARY collapsed due to heat exhaustion, heat stroke and dehydration and became incoherent.

33.     Even after collapsing, neither DELGADO nor any other adults or coaches rendered aid to ZACHARY for several minutes.

34.     After ZACHARY collapsed, he began convulsing, vomiting and became incoherent, all of which are obvious signs of heat exhaustion and heat stroke.

35.     Even after ZACHARY collapsed and was showing obvious signs of heat stroke and exhaustion, DELGADO failed and refused to call 911 and provided no proper medical attention or care to ZACHARY.

36.     A player came from the field to inform Plaintiff that her son, ZACHARY, "was down", and Plaintiff made her way to the field with no indication of the crisis.

37.     There she saw ZACHARY collapsed and showing obvious signs of heat stroke and exhaustion. Upon learning that no one had called 911, she demanded DELGADO call 911 which he finally did.

38.     When DELGADO called 911 he failed to inform the 911 operator that ZACHARY'S condition was urgent, and it took another approximately 15 minutes for EMS to arrive. To the contrary, DELGADO calmly told the 911 operator that ZACHARY was "fine."

39.     When first responders arrived, they walked to the field without a stretcher or any type of equipment with which to provide medical attention to ZACHARY.

40.     At the time of his collapse, ZACHARY received no competent medical attention or supervision—even though immediate medical attention is essential for treatment of heat exhaustion, heat stroke and dehydration.

41.     The LEE COUNTY SCHOOLS and DELGADO failed to provide immersion tubs or other equipment/supplies by which to treat ZACHARY while awaiting the arrival of EMS.

42.     There was no trainer or health care professional present on the practice fields, as required or as should be required by football coaching standards, at the time ZACHARY collapsed.

43.     At the time ZACHARY collapsed on the sideline of the practice field, DELGADO continued to hold his huddle meeting with the other players within a few feet from ZACHARY and failed to tend to ZACHARY.

44.     DELGADO continued the team meeting in lieu of tending to the health and well-being of ZACHARY.

45.     ZACHARY's temperature had risen to 107 degrees and he fell into a heat-induced coma on the way to the hospital, from which he never recovered consciousness.

46.     For nearly two weeks Plaintiff, LAURIE ALICE GIORDANO, ZACHARY'S mother and ZACHARY'S father watched their son battle for his life.

47.     ZACHARY died on July 10, 2017 due to complications related to heat exhaustion/stroke suffered on June 29, 2017.

48.     The death of ZACHARY was caused, without limitation, by the dangerous content, length, and timing of the Riverdale High football practice; the failure to acclimatize ZACHARY to the hot weather practice; the failure to provide adequate amounts of water for hydration; the denial by DELGADO of water/hydration when players complained they needed water; the threat by DELGADO to punish players should they drink water during the "drills"; the failure to provide ZACHARY competent medical attention or supervision on the Riverdale High practice field; the delay of competent medical attention on the practice field due to DELGADO'S failure to notice the obvious signs of heat stroke/exhaustion ZACHARY  was exhibiting; the dangerous drills required at the end of practice in 90 degree weather while ZACHARY showed signs of heat exhaustion and urgently needed  water and immediate cooling; the failure of DELGADO to respond to ZACHARY and obtain vital medical treatment; and the callous lack of attention from DELGADO for the health and safety of ZACHARY.

49.    The extremely dangerous acts and omissions of DELGADO were consciously permitted due to a lack of, and failure to enforce, safety policies by LEE COUNTY SCHOOLS, as required by law, where the custom of competitive high school football took precedence over and constituted a deliberate indifference to the health and safety of ZACHARY.

50.    DELGADO's acts, and lack thereof, were not reasonable, and violated ZACHARY'S clearly established constitutional and statutory rights to be subjected to a safe environment while at summer football practice and not to be denied basic, known rights, such as hydration while exercising in the intense Southwest Florida heat in June.

## COUNT I – §1983 CLAIM FOR UNCONSTITUTIONAL DEPRIVATION OF LIFE BY DELGADO

51.    Plaintiff re-alleges and re-asserts the allegations in paragraphs 1 through 50 as if fully set forth herein.

52.    DELGADO was conducting football practice on June 29, 2017, under the color of Florida state law and owed a constitutional and legal duty to ZACHARY to provide a safe and adequate football practice environment.

53.    An unusually serious risk of harm to ZACHARY and the other players existed at the June 29, 2017, summer football practice, given the timing, length and content of the practice planned by DELGADO.

54.    DELGADO had actual knowledge of this serious risk of harm, but was willfully blind to the risk and failed to take obvious steps to protect ZACHARY.

55.    DELGADO consciously placed fielding a winning football team as more important than the health and safety of ZACHARY.

56.    DELGADO showed a conscious indifference to and callous disregard for the health and safety of ZACHARY in his operation of the summer football practice on June 29,

2017, and in his attention to ZACHARY's medical health and safety needs in at least the following respects:

a. Conducting an extremely dangerous football practice in terms of ( i ) the length of the practice; ( ii ) the timing of the practice; and ( iii ) the content of the practice.

b. Failing to acclimatize ZACHARY to football practice in the hot and humid Florida summer;

c. Failing to provide reasonably adequate hydration for ZACHARY during the practice;

d. Denying hydration to ZACHARY during the drills;

e. Failing to notice the obvious signs of heat exhaustion/stroke exhibited by ZACHARY;

f. Failing to provide a reasonably adequate medical care and supervision on the practice field;

g. Requiring ZACHARY to perform unreasonably dangerous conditioning drills without hydration;

h. Threatening to punish players in ZACHARY's presence (by kicking them off the team) if they got water during the drills;

i. Employing a method of punishment whereby all players in the group are forced to repeat "gassers" when a player was unable to finish or "fell out" while running.

j. Failing to call 911 immediately when ZACHARY began exhibiting signs of heat exhaustion/stroke;

k.  Failing to inform the 911 operator of the urgency of ZACHARY'S condition and willfully downplaying the severity of ZACHARY'S condition; and

l.  Failing to provide any immediate medical care and supervision to ZACHARY on June 29, 2017, after he became ill on the practice football field and instead holding a team meeting in plain view while ZACHARY was down and in obvious distress.

57.  DELGADO'S conscious indifference to and callous disregard for the health and safety of ZACHARY violated the rights of ZACHARY under ( i ) the laws and Constitution of the United States of America and ( ii ) the laws and Constitution of the State of Florida.

58.  DELGADO'S conscious indifference to and callous disregard for the health and safety of ZACHARY was a reasonably foreseeable and proximate cause of ZACHARY'S death, and was a proximate cause of the injuries and damages of ZACHARY and Plaintiff as set forth below.

59.  As a direct and proximate result of DELGADO'S violation of ZACHARY'S constitutional and legal rights, ZACHARY suffered extreme dehydration, heat exhaustion, heat stroke, extreme shock, heart failure, kidney failure, liver failure, brain damage from lack of oxygen, coma, and finally death on July 10, 2017.

60.  Plaintiff, LAURIE ALICE GIORDANO, as Personal Representative of the Estate of ZACHARY TYLER MARTIN-POLSENBERG, Deceased, is the duly appointed Personal Representative of the Estate of ZACHARY TYLER MARTIN-POLSENBERG, Deceased. As Personal Representative, this action is brought on behalf of the survivors, as defined by the Florida Wrongful Death Act as follows:

- The Estate of ZACHARY TYLER MARTIN-POLSENBERG, Deceased,

- LAURIE ALICE GIORDANO, Mother of the Deceased,

- JAMES POLSENBERG, Father of the Deceased.

61.    As a direct and proximate result of the Decedent's injuries and death, the Decedent's parents, LAURIE ALICE GIORDANO and JAMES POLSENBERG, have sustained the following damages as hereafter set forth:

a. The loss of services of the deceased from the date of his death, and the future loss of services and companionship from their son; and, mental pain and suffering in the loss of said child;

b. Medical bills, liens and funeral bills incurred as a result of the death of the decedent.

62.    As a direct and proximate result of the Decedent's, ZACHARY POLSENBERG, injuries and death, the Estate of the Decedent has sustained the following damages as hereinafter set forth:

a. Medical bills, liens and funeral bills incurred as a result of the death of the decedent;

b. Net accumulations.

WHEREFORE, Plaintiff, LAURIE ALICE GIORDANO, as Personal Representative of the Estate of ZACHARY TYLER MARTIN-POLSENBERG, demands judgment for damages against the Defendant, JAMES DELGADO, individually and in his official capacity, and seeks a right to trial by jury on all issues, post judgment interest as allowed by law, costs, and she also demands a trial by jury of all issues so triable.

## <u>COUNT II – §1983 CLAIM FOR UNCONSTITUTIONAL DEPRIVATION OF LIFE BY LEE COUNTY SCHOOLS</u>

63.     Plaintiff re-alleges and re-asserts the allegations in paragraphs 1 through 50 as if fully set forth herein.

64.     LEE COUNTY SCHOOLS was conducting and sponsoring the summer football practice on June 29, 2017, with their corresponding policies, rules and regulations (and lack thereof) under the color of Florida State law.

65.     LEE COUNTY SCHOOLS owed a constitutional and legal duty to ZACHARY to provide a safe and adequate football practice environment.

66.     The dangerous policies, rules and regulations (and lack thereof) of LEE COUNTY SCHOOLS included, without limitation, the following:

    a.   Maintaining inadequate safety policies, rules and regulations for hot weather football practice;

    b.   A custom of failing to enforce safety standards for hot weather football practices;

    c.   A custom of failing to maintain proper emergency medical procedures on the Riverdale High football practice field;

    d.   A custom of maintaining a football coaching and training staff that was either unable or unwilling to provide proper safety precautions for hot weather football practice;

    e.   A custom, practice or policy of failing to provide immersion tubs and other medical/safety equipment to treat ZACHARY while awaiting the arrival of EMS;

      f.   A custom of maintaining a football coaching and training staff that was not only unfamiliar with safety precautions related to hot weather football practice, but also actually denied ZACHARY and other players hydration and cooling zones (shaded areas) for breaks during football practice in 90-degree weather; and

      g.   A custom of emphasizing football training and victories over football safety.

67.    The customs listed without limitation above were so persistent, widespread, common, and well-settled on June 29, 2017, that they in themselves represented the official policies, rules, and regulations of the LEE COUNTY SCHOOLS.

68.    The dangerous policies, rules, regulations of the LEE COUNTY SCHOOLS violated and constituted a conscious indifference to the rights of ZACHARY under ( i ) the laws and Constitution of the United States of America and ( ii ) the laws and Constitution of the State of Florida.

69.    The dangerous policies, rules, regulations and customs of the LEE COUNTY SCHOOLS and violations of ZACHARY's legal and constitutional rights were a reasonably foreseeable and proximate cause of the death of ZACHARY, and were a proximate cause of the injuries and damages of ZACHARY and the Plaintiff.

70.    As a direct and proximate result of the LEE COUNTY SCHOOLS' violations of ZACHARY's constitutional and legal rights, ZACHARY suffered extreme dehydration, heat exhaustion, heat stroke, extreme shock, heart failure, kidney failure, liver failure, brain damage from lack of oxygen, coma, and finally death on July 10, 2017.

71.    Plaintiff, LAURIE ALICE GIORDANO, as Personal Representative of the Estate of ZACHARY TYLER MARTIN-POLSENBERG, Deceased, is the duly appointed

Personal Representative of the ZACHARY TYLER MARTIN-POLSENBERG, Deceased. As

Personal Representative, this action is brought on behalf of the survivors, as defined by the

Florida Wrongful Death Act as follows:

- The Estate of ZACHARY TYLER MARTIN-POLSENBERG, Deceased,

- LAURIE ALICE GIORDANO, Mother of the Deceased,

- JAMES POLSENBERG, Father of the Deceased.

72.     As a direct and proximate result of the Decedent's injuries and death, the

Decedent's parents, LAURIE ALICE GIORDANO and JAMES POLSENBERG, have

sustained the following damages as hereafter set forth:

a.   The loss of services of the deceased from the date of his death, and the future loss

of services and companionship from their son; and, mental pain and suffering in

the loss of said child;

b.   Medical bills, liens and funeral bills incurred as a result of the death of the

decedent.

73.     As a direct and proximate result of the ZACHARY'S, injuries and death, the

Estate of the Decedent has sustained the following damages as hereinafter set forth:

a.   Medical bills, liens and funeral bills incurred as a result of the death of the

decedent;

b.   Net accumulations.

WHEREFORE, Plaintiff, LAURIE ALICE GIORDANO, as Personal Representative of

the Estate of ZACHARY TYLER MARTIN-POLSENBERG, demands judgment for damages

against the Defendants,   SCHOOL BOARD OF LEE COUNTY, FLORIDA, SCHOOL

DISTRICT OF LEE COUNTY and GREGORY K. ADKINS, ED.D. as Superintendent of the

SCHOOL DISTRICT OF LEE COUNTY, and seeks a right to trial by jury on all issues, post

judgment interest as allowed by law, costs, and she also demands a trial by jury of all issues so

triable.

## COUNT III – NEGLIGENCE BY DELGADO

74.    Plaintiff re-alleges and re-asserts the allegations in paragraphs 1 through 50 as if

fully set forth herein.

75.    As head coach of the football team and in charge of the summer football practice

on June 29, 2017, DELGADO owed a duty to ZACHARY to use ordinary care, including the

duty to protect and safeguard ZACHARY from unreasonably dangerous conditions during the

June 29, 2017 football practice.

76.    On June 29, 2017, DELGADO was negligent in at least the following respects:

    a.    Conducting an unreasonably dangerous football practice in terms of ( i ) the

       length of the practice; ( ii ) the timing of the practice; and ( iii ) the content

       of the practice.

    b.    Failing to acclimatize ZACHARY to football practice in the hot and humid

       Florida summer;

    c.    Failing to provide reasonably adequate medically-trained supervision on the

       practice field;

    d.    Failing to provide adequate hydration for ZACHARY;

    e.    Denying ZACHARY hydration when he requested same during the "gasser"

       drills;

    f.    Failing to recognize the obvious signs of heat exhaustion/stroke ZACHARY

       was exhibiting;

g. Requiring ZACHARY to perform unreasonably repetitive and dangerous "gasser" conditioning drills;

h. Failing to call 911 and properly inform the 911 operator of the urgency of ZACHARY'S condition; and

i. Failing to provide any immediate medical care and supervision to ZACHARY on June 29, 2017, after he became ill on the practice football field and instead holding a team meeting in plain view while ZACHARY was down.

77.    Each of the foregoing negligent acts and omissions, whether taken singularly or in any combination, was a proximate cause of ZACHARY's death and was a proximate cause of the injuries and damages of ZACHARY and Plaintiff as set forth below.

78.    As a direct and proximate result of DELGADO'S negligence, ZACHARY suffered extreme dehydration, heat exhaustion, heat stroke, extreme shock, heart failure, kidney failure, liver failure, brain damage from lack of oxygen, coma, and finally death on July 10, 2017.

79.    Plaintiff, LAURIE ALICE GIORDANO, as Personal Representative of the Estate of ZACHARY TYLER MARTIN-POLSENBERG, Deceased, is the duly appointed Personal Representative of the Estate of ZACHARY TYLER MARTIN-POLSENBERG, Deceased. As Personal Representative, this action is brought on behalf of the survivors, as defined by the Florida Wrongful Death Act as follows:

- The Estate of ZACHARY TYLER MARTIN-POLSENBERG, Deceased,

- LAURIE ALICE GIORDANO, Mother of the Deceased,

- JAMES POLSENBERG, Father of the Deceased.

80.    As a direct and proximate result of the Decedent's injuries and death, the Decedent's parents, LAURIE ALICE GIORDANO and JAMES POLSENBERG, have sustained the following damages as hereafter set forth:

   a.   The loss of services of the deceased from the date of his death, and the future loss of services and companionship from their son; and, mental pain and suffering in the loss of said child;

   b.   Medical bills, liens and funeral bills incurred as a result of the death of the decedent.

81.    As a direct and proximate result of the ZACHARY'S, injuries and death, the Estate of the Decedent has sustained the following damages as hereinafter set forth:

   a.   Medical bills, liens and funeral bills incurred as a result of the death of the decedent;

   b.   Net accumulations.

WHEREFORE, Plaintiff, LAURIE ALICE GIORDANO, as Personal Representative of the Estate of ZACHARY TYLER MARTIN-POLSENBERG, demands judgment for damages against the Defendant, JAMES DELGADO, individually and in his official capacity, and seeks a right to trial by jury on all issues, post judgment interest as allowed by law, costs, and he also demands a trial by jury of all issues so triable.

## COUNT IV – NEGLIGENCE BY LEE COUNTY SCHOOLS

82.    Plaintiff re-alleges and re-asserts the allegations in paragraphs 1 through 50 and paragraphs 75 through 77 as if fully set forth herein.

83.    Plaintiff has complied with all conditions precedent of Section 768.28 Fla. Stat., including providing timely written notice to the Florida Department of Insurance as well as to the

SCHOOL BOARD OF LEE COUNTY, FLORIDA, SCHOOL DISTRICT OF LEE COUNTY

and GREGORY K. ADKINS, ED.D. as Superintendent of the SCHOOL DISTRICT OF LEE

COUNTY, pursuant to Section 768.28(6)(a) Fla. Stat., prior to filing this action. A copy of the

same is attached hereto as Exhibit "A".

84.     At all times material hereto, the LEE COUNTY SCHOOLS was acting through its

agents, employees, coaches, including but not limited to DELGADO.

85.     The LEE COUNTY SCHOOLS was conducting and sponsoring the summer

football practice on June 29, 2017, with their corresponding policies, rules and regulations (and

lack thereof) under the color of Florida State law.

86.     The LEE COUNTY SCHOOLS owed a legal duty to ZACHARY to provide a

safe and adequate football practice environment.

87.     The dangerous policies, rules and regulations (and lack thereof) of the LEE

COUNTY SCHOOLS included, without limitation, the following:

      a.   Maintaining inadequate safety policies, rules and regulations for hot weather
football practice;

      b.   A custom of failing to enforce safety standards for hot weather football
practices;

      c.   A custom of failing to maintain proper emergency medical procedures on the
Riverdale High football practice field;

      d.   A custom of maintaining a football coaching and training staff that was either
unable or unwilling to provide proper safety precautions for hot weather
football practice;

    e.   A custom, practice or policy of failing to provide immersion tubs and other medical/safety equipment to treat ZACHARY while awaiting the arrival of EMS;

    f.   A custom of maintaining a football coaching and training staff that was not only unfamiliar with safety precautions related to hot weather football practice, but also actually denied ZACHARY and other players hydration in football practice in 90-degree weather; and

    g.   A custom of emphasizing football training and victories over football safety.

88.    The customs listed without limitation above were so persistent, widespread, common, and well-settled on June 29, 2017, that they in themselves represented the official policies, rules, and regulations of the LEE COUNTY SCHOOLS.

89.    The dangerous policies, rules, regulations and customs of the LEE COUNTY SCHOOLS were a reasonably foreseeable and proximate cause of the death of ZACHARY and were a proximate cause of the injuries and damages of ZACHARY and the Plaintiff.

90.    As a direct and proximate result of the LEE COUNTY SCHOOLS' negligence, ZACHARY suffered extreme dehydration, heat exhaustion, heat stroke, extreme shock, heart failure, kidney failure, liver failure, brain damage from lack of oxygen, coma, and finally death on July 10, 2017.

91.    Plaintiff, LAURIE ALICE GIORDANO, as Personal Representative of the Estate of ZACHARY TYLER MARTIN-POLSENBERG, Deceased, is the duly appointed Personal Representative of the Estate of ZACHARY TYLER MARTIN-POLSENBERG, Deceased. As Personal Representative, this action is brought on behalf of the survivors, as defined by the Florida Wrongful Death Act as follows:

- The Estate of ZACHARY TYLER MARTIN-POLSENBERG, Deceased,

- LAURIE ALICE GIORDANO, Mother of the Deceased,

- JAMES POLSENBERG, Father of the Deceased.

92.     As a direct and proximate result of the Decedent's injuries and death, the Decedent's parents, LAURIE ALICE GIORDANO and JAMES POLSENBERG, have sustained the following damages as hereafter set forth:

    a.  The loss of services of the deceased from the date of his death, and the future loss of services and companionship from their son; and, mental pain and suffering in the loss of said child;

    b.  Medical bills, liens and funeral bills incurred as a result of the death of the decedent.

93.     As a direct and proximate result of the ZACHARY'S, injuries and death, the Estate of the Decedent has sustained the following damages as hereinafter set forth:

    a.  Medical bills, liens and funeral bills incurred as a result of the death of the decedent;

    b.  Net accumulations.

WHEREFORE, Plaintiff, LAURIE ALICE GIORDANO, as Personal Representative of the Estate of ZACHARY TYLER MARTIN-POLSENBERG, demands judgment for damages against the Defendants, SCHOOL BOARD OF LEE COUNTY, FLORIDA, SCHOOL DISTRICT OF LEE COUNTY and GREGORY K. ADKINS, ED.D. as Superintendent of the SCHOOL DISTRICT OF LEE COUNTY, and seeks a right to trial by jury on all issues, post judgment interest as allowed by law, costs, and she also demands a trial by jury of all issues so triable.

### COUNT V - WRONGFUL DEATH NEGLIGENCE V. LEE COUNTY EMS

94.     Plaintiff re-alleges and re-asserts the allegations in paragraphs 1 through 4 as if fully set forth herein.

95.     That at the time of their arrival, at 10:55 a.m., Defendant's, LEE COUNTY EMS, personnel were aware that there had been no ice tank available for ZACHARY TYLER MARTIN- POLSENBERG, and that they were using cold water in an attempt to cool him down as a result of his obvious heat stroke.

96.     That Defendant, LEE COUNTY EMS, had no ice, cooling devices, or other reasonable methods available to appropriately treat heat stroke during transport.

97.     That at the time of initial contact with ZACHARY TYLER MARTIN-POLSENBERG, at 10:57 a.m., Defendant's, LEE COUNTY EMS, personnel should have realized that ZACHARY T. MARTIN-POLSENBERG needed emergent care.

98.     However, in transporting him to hospital care, they bypassed the closest hospitals, instead transporting ZACHARY TYLER MARTIN-POLSENBERG to Golisano Children's Hospital, which was 24.7 miles away, at least twice as far as the nearest available hospital.

99.     As a result of his obvious critical condition, ZACHARY TYLER MARTIN-POLSENBERG's transport should have been treated as an emergency and taken to the nearest Emergency Room, Lehigh Regional Medical Center, which was only 10.4 miles away.

100.     At the time of Defendant's, LEE COUNTY EMS, belated arrival to Golisano Children's Hospital, ZACHARY TYLER MARTIN-POLSENBERG was unresponsive, tachycardic, and his temperature was 107 degrees.

101.    As a direct and proximate result of the undue transport delay in receiving timely and appropriate hospital and cooling treatment, ZACHARY TYLER MARTIN-POLSENBERG's heat stroke worsened, and he never recovered and died on July 10, 2017.

102.    That all conditions precedent to bringing this lawsuit have been met, including waiting the requisite pre-suit periods, pursuant to Florida Statute 768.28.  A copy is attached hereto as Exhibit "B".

103.    At all times material, the Defendant, LEE COUNTY EMS, by and through its agents and employees, including its emergency technicians and staff, owed a duty of reasonable care to provide reasonable transport and emergency services to ZACHARY TYLER MARTIN-POLSENBERG, on June 29, 2017.

104.    That Defendant, LEE COUNTY EMS, negligently and carelessly breached its duty of care, in one or more of the following ways, any one of which was a departure from and fell below the prevailing reasonable standard of care:

a.  failed to treat ZACHARY TYLER MARTIN-POLSENBERG's heat stroke as an emergency;

b.  failed to transport ZACHARY TYLER MARTIN-POLSENBERG to the closest hospital;

c.  failed to provide adequate ice, cooling devices, or other methods to treat heat stroke during transport;

d.  bypassed the closest hospital, Lehigh Regional Medical Center, at 10.4 miles away, to transport ZACHARY TYLER MARTIN-POLSENBERG to Golisano Children's Hospital, 24.7 miles away across town, resulting in a critical delay in appropriate hospital treatment;

e.   that despite realizing they did not have adequate cooling devices, or methods available to appropriately treat ZACHARY TYLER MARTIN-POLSENBERG's heat stroke, Defendant, LEE COUNTY EMS, negligently determined to transport him to Golisano Children's Hospital, without concern for his emergent need for hospital care.

105.   As a direct and proximate result, ZACHARY TYLER MARTIN-POLSENBERG suffered an undue delay in hospital treatment and cooling, worsening his heat stroke, and substantially contributing to his death.

106.   Plaintiff, LAURIE ALICE GIORDANO, as Personal Representative of the Estate of ZACHARY TYLER MARTIN-POLSENBERG, Deceased, is the duly appointed Personal Representative of the ZACHARY TYLER MARTIN-POLSENBERG, Deceased. As Personal Representative, this action is brought on behalf of the survivors, as defined by the Florida Wrongful Death Act as follows:

- The Estate of ZACHARY TYLER MARTIN-POLSENBERG, Deceased,

- LAURIE ALICE GIORDANO, Mother of the Deceased,

- JAMES POLSENBERG, Father of the Deceased.

107.   As a direct and proximate result of the Decedent's injuries and death, the Decedent's parents, LAURIE ALICE GIORDANO and JAMES POLSENBERG, have sustained the following damages as hereafter set forth:

a.   The loss of services of the deceased from the date of his death, and the future loss of services and companionship from their son; and, mental pain and suffering in the loss of said child;

    b.   Medical bills, liens and funeral bills incurred as a result of the death of the decedent.

108.   As a direct and proximate result of the ZACHARY'S, injuries and death, the Estate of the Decedent has sustained the following damages as hereinafter set forth:

    a.   Medical bills, liens and funeral bills incurred as a result of the death of the decedent;

    b.   Net accumulations.

WHEREFORE, Plaintiff, LAURIE ALICE GIORDANO, as Personal Representative of the Estate of ZACHARY TYLER MARTIN-POLSENBERG, demands judgment for damages against the Defendant, LEE COUNTY EMS, by and through LEE COUNTY, a Political Subdivision of the STATE OF FLORIDA, and seeks a right to trial by jury on all issues, post judgment interest as allowed by law, costs, and she also demands a trial by jury of all issues so triable.

## **JURY DEMAND**

109.   Plaintiff hereby demands a trial by jury for all issues in which a jury trial is permitted by law.

WHEREFORE, the Plaintiff prays that the Defendants be duly summoned to appear and answer herein, and that on final trial hereof, Plaintiff have judgment of the Court against the Defendants as follows:

    a.   Damages proven at trial for the pain, suffering, and loss of life of ZACHARY, in an amount to be proven at trial given the facts and circumstances of the case;

b.  Damages proven at trial for loss of value of emotional support, society, care, advice, attention, comfort, counsel, love, and affections, of which the Plaintiff has been denied due to the untimely, unfortunate and wrongful death of their son;

c.  Damages proven at trial for the loss of net accumulations;

d.  Damages proven at trial for the reasonable costs of medical, funeral and burial expenses resulting from this tragedy for which Plaintiff was required to pay;

e.  Exemplary damages in such an amount as may be found proper and just under the facts and circumstances of this case as determined by the Court or jury;

f.  Reasonable attorney fees and costs proven at trial as allowed by Federal law;

g.  Interest on Judgment; and

h.  Such other and further relief, both general and special, at law and in equity, to which Plaintiff is entitled.

Respectfully Submitted,

**ALOIA, ROLAND, LUBELL & MORGAN, PLLC**
Attorneys for Plaintiff
2222 Second Street
Fort Myers, FL 33901
Telephone: (239) 791 – 7950
Facsimile: (239) 791 – 7951
troland@floridalegalrights.com
elubell@floridalegalrights.com
jmorgan@floridalegalrights.com
personalinjuryeservice@floridalegalrights.com

By: ___*/s/ Ty G. Roland*___
    Ty G. Roland
    Florida Bar No.: 0069639
    Evan D. Lubell
    Florida Bar No.: 0046426
    Jack C. Morgan, III
    Florida Bar No.: 0126527