# EXHIBIT B

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Florida Dept of Financial Services
c/o Jeff Atwater, CFO
200 East Gaines Street
Tallahassee, FL 32399

9590 9402 4251 8121 3489 31

2. Article Number *(Transfer from service label)*

7016 1370 0000 4081 7234

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent
                             ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
Received by: Sarah Blocker
DEPT OF FINANCIAL

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No
                                    32399-0317

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
  red Mail
  red Mail Restricted Delivery
  r $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
  Delivery
☐ Return Receipt for
  Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
  Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Lee County EMS
P.O. Box 398
Fort Myers, FL
33902

9590 9402 3017 7124 0634 53

2. Article Number *(Transfer from service label)*

7017 2680 0000 7415 4008

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent
                             ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No
                    OCT 17 2018
                    FT. MYERS, FL 33901

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
  Mail
  Mail Restricted Delivery
  )

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
  Delivery
☐ Return Receipt for
  Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
  Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

# TERRY S. NELSON, P.A.

## BOARD CERTIFIED CIVIL TRIAL ATTORNEY

First Street Center
2401 First Street
Suite 102
Fort Myers, FL 33901

Telephone: (239) 334-1789
Fax: (239) 334-4589
E-Mail: tnelson@terrysnelsonlaw.com
www.terrysnelsonlaw.com

October 16, 2018

**Certified Mail: 7017 2680 0000 7415 4008**
Lee County EMS
Post Office Box 398
Fort Myers, Florida 33902-0398

PRE:   Compliance of Florida Statute 766.106 et seq. and 768.28(6)
   Our Client: Laurie A. Giordano, as Personal Representative of the Estate of
        Zachary T. Martin-Polsenberg
   Your Patient: Zachary T. Martin-Polsenberg
   D/Service: June 29, 2017

## NOTICE OF INTENT TO INITIATE LITIGATION
## FOR MEDICAL NEGLIGENCE
## AND
## NOTICE OF SOVEREIGN IMMUNITY CLAIM
## PURSUANT TO FLORIDA STATUTES 766.106 et seq. and 768.28

Dear Sir or Madam:

  Lee County EMS is hereby notified that Laurie A. Giordano, as Personal Representative of the Estate of Zachary T. Martin-Polsenberg, intends to initiate litigation for medical negligence against Lee County EMS, by and through Lee County, a Political Subdivision of the State of Florida (hereinafter referred to as "Lee County EMS") and any other persons or entities with whom it had a legal relationship regarding its practice of medicine during the time that it provided medical care to Zachary T. Martin-Polsenberg on June 29, 2017.  This notice is given pursuant to Section 768.28(6) and 766.106  Florida Statutes.

  This claim arises out of Lee County EMS failing to render standard of care emergency medical treatment to Zachary T. Martin-Polsenberg on June 29, 2017.

  Specifically, at the conclusion of football practice on June 29, 2017, at approximately 10:30 a.m., Zachary Martin-Polsenberg "laid down in the back of the huddle".  He then began convulsing and throwing up, and coaches poured cold water on him.

  9-1-1 was called at approximately 10:47 a.m., dispatching Fort Myers Shores Fire Department and Lee County EMS.

Lee County EMS
RE: Zachary Martin Polsenberg
October 16, 2018
Page 2


Lee County EMS arrived at the scene on June 29, 2017, at 10:55 a.m., and was with the patient at 10:57 a.m. There was no ice tank available at the high school for Zachary Martin-Polsenberg. However, cold water and ice packs were being used in an attempt to cool him down, prior to Lee County EMS arrival.

Lee County EMS had no ice, cooling devices, or other methods available to appropriately treat heat stroke during transport.

That at the time of initial contact with the patient at 10:57 a.m., Lee County EMS should have realized Zachary Martin-Polsenberg needed emergent care. Despite the unavailability of an ice water tank, or other adequate cooling methods, they delayed until 11:12 a.m., to depart, (a delay of over 15 minutes).

Lee County EMS then bypassed the closest hospital, Lehigh Regional Medical Center, which was 10.4 miles away, and also Lee Memorial Hospital, which was 12.6 miles away, to transport Zachary Martin-Polsenberg to Golisano Children's Hospital, 24.7 miles away across town.

In light of his critical condition, Zachary Martin-Polsenberg should have been treated as an emergency, and taken immediately to the nearest Emergency Room, which was only 10.4 miles away, instead of transporting him 24.7 miles to Golisano Children's Hospital.

At the time of Lee County EMS' arrival to Golisano Children's Hospital, Zachary Martin-Polsenberg was already unresponsive, he was tachycardic, tachypnic and his temperature was 105.4 degrees. He never recovered, and died on July 10, 2017.

As a direct and proximate result, the delay of 15 minutes in departing the scene, and delay in transporting him an additional 14.3 miles to Golisano Children's Hospital, instead of the nearest hospital, resulted in the critical delay in receiving hospital treatment and proper cooling, substantially contributing to his death.

As a direct and proximate result of Lee County EMS's breaches the prevailing standard of care as outlined above, Zachary T. Martin-Polsenberg died on July 10, 2017.

It is our contention that Lee County EMS was negligent and breached the prevailing professional standard of care as are set forth in the Affidavit of John F. Jardine, M.D., attached.

Lee County EMS
RE: Zachary Martin Polsenberg
October 16, 2018
Page 3

To the best of Laurie A. Giordano's recollection and knowledge, Zachary T. Martin-Polsenberg was treated by the following health care providers for the injuries sustained as a result of the aforementioned negligence:

Fort Myers Shores Fire Department
12345 Palm Beach Blvd.
Fort Myers, Florida 33905

Lee County EMS
14752 Six Mile Cypress
Fort Myers, Florida 33912

Lee Memorial Hospital
2276 Cleveland Avenue
Fort Myers, Florida 33901

HealthPark Medical Center & Golisano Children's Hospital
9981 S. HealthPark Drive
Fort Myers, Florida 33908

Holtz Children's Hospital
1611 NW 12th Avenue
Miami, Florida 33136

To the best of Laurie A. Giordano's recollection and knowledge, Zachary T. Martin-Polsenberg was additionally treated by the following health care providers during the two year period prior to the negligence:

Convenient Care
4771 S. Cleveland Avenue
Fort Myers, Florida 33907

Copies of all medical records reviewed by John F. Jardine, M.D., are enclosed.

Lee County EMS
RE: Zachary Martin Polsenberg
October 16, 2018
Page 4

The second purpose of this letter is to request pre-suit information pursuant to Florida Statute 766.106(6). Accordingly, I ask that either yourself or your representative respond in writing to the request below and forward the following information and/or materials:

1.  **A COMPLETE COPY OF THE ENTIRE Lee County EMS' CHART, COVER-TO-COVER, INCLUDING, BUT NOT LIMITED TO, ANY AND ALL RECORDS, WRITTEN NOTES, BILLS, PHOTOGRAPHS, OR ANY OTHER WRITTEN DOCUMENT WHATSOEVER, CONCERNING YOUR CARE, TREATMENT AND TRANSPORTATION OF ZACHARY MARTIN-POLSENBERG .**

2.  Please provide the full names and present addresses of all witnesses of the treatment of Zachary Martin-Polsenberg, including, but not limited to, any nurses, nurse practitioners, or other employees that may have come in contact with him during his treatments/transportation with you. Please do not respond by stating "refer to medical records", or some similar response. The purpose of this request is to determine if there are any individuals that may have knowledge of facts that are material to the issues involved in this matter.

3.  If it is your contention that someone other than yourself was responsible in whole or in part for the occurrence of any of the negligence alleged above, please state each persons name, address, job title, along with the facts which you base your contention that person was responsible. Failure to provide this information will result in a request to prevent any such claims later in this litigation.

4.  Please state the name and address of your medical malpractice insurance carrier, as well as the type and amount of coverage available to you as protection against this claim. Please respond whether your coverage is provided separate from the coverages to your partners and/or group. Please provide a copy of your insurance, policy and group's insurance policy or policies.

5.  Please indicate whether any person or entity is, or may be, vicariously liable for your negligence, if the allegations of the negligence set forth in the enclosed affidavit are proven.

6.  Do you contend that John F. Jardine, M.D., does not meet the criteria of an expert for purposes of the pre-suit notice? If so, please state in detail every fact upon which you base that contention.

Lee County EMS
RE: Zachary Martin Polsenberg
October 16, 2018
Page 5

7.     Do you contend that in any other way claimant, Laurie A. Giordano, as Personal
Representative of the Estate of Zachary T. Martin-Polsenberg, has failed to fully
comply with any pre-suit provision under Florida Statutes. If so, please detail your
contention.

Notice of Intent to Initiate Litigation for Medical Negligence has been provided to:

Lee County EMS
Post Office Box 398
Fort Myers, Florida 33902-0398

Pursuant to the requirements of Section 766.203, I am enclosing a copy of a verified
report/affidavits dated September 13, 2018, corroborating the fact that reasonable grounds exist to
initiate medical negligence litigation against you. To the best of my knowledge, John F. Jardine,
M.D., has never been found guilty of fraud or perjury in any jurisdiction.

Zachary T. Martin-Polsenberg's Social Security Number is: ███████    Zachary T.
Martin-Polsenberg's date of birth is: ███████

Should you deem any portion of this Notice pursuant to §768.28(6), and §766.106 deficient
in any manner, please notify the undersigned immediately.

Very truly yours,

TERRY S. NELSON, P.A.

Terry S. Nelson

TSN/dc
Enclosures

cc:     **Certified Mail No: 7016 1370 0000 4081 7234**
FLORIDA DEPARTMENT OF FINANCIAL SERVICES
c/o JEFF ATWATER, CFO
200 East Gaines Street
Tallahassee, Florida 32399

## AUTHORIZATION FOR RELEASE OF
## PROTECTED HEALTH INFORMATION

A.    I, **LAURIE A. GIORDANO, as Personal Representative of the Estate of ZACHARY T. MARTIN-POLSENBERG, [hereinafter "Patient"], authorize that LEE COUNTY EMS,** and his/her/its insurer(s), self-insurer(s), and attorney(s), and the designated treating health care provider(s) listed below and his/her/its insurer(s), self-insurer(s), and attorney(s) may obtain and disclose (within the parameters set out below) the protected health information described below for the following specific purposes:

1.    Facilitating the investigation and evaluation of the medical negligence claim described in the accompanying presuit notice;

2.    Defending against any litigation arising out of the medical negligence claim made on the basis of the accompanying presuit notice; or

3.    Obtaining legal advice or representation arising out of the medical negligence claim described in the accompanying presuit notice.

B.    The health information obtained, used, or disclosed extends to, and includes, verbal health information as well as written health information and is described as follows:

1.    The health information in the custody of the following health care providers who have examined, evaluated, or treated the Patient in connection with injuries complained of after the alleged act of negligence:

Fort Myers Shores Fire Department
12345 Palm Beach Blvd.
Fort Myers, Florida 33905

Lee County EMS
14752 Six Mile Cypress
Fort Myers, Florida 33912

Lee Memorial Hospital
2276 Cleveland Avenue
Fort Myers, Florida 33901

HealthPark Medical Center & Golisano Children's Hospital
9981 S. HealthPark Drive
Fort Myers, Florida 33908

Holtz Children's Hospital
1611 NW 12th Avenue
Miami, Florida 33136

This authorization extends to any additional health care providers that may in the future evaluate, examine, or treat the Patient for the injuries complained of.

2.      The health information in the custody of the following health care providers who have examined, evaluated, or treated the Patient during a period commencing 2 years before the incident that is the basis of the accompanying presuit notice:

> Convenient Care
> 4771 S. Cleveland Avenue
> Fort Myers, Florida 33907

C.      This authorization does not apply to the following list of health care providers possessing health care information about the Patient because the Patient certifies that such health care information is not potentially relevant to the claim of personal injury or wrongful death that is the basis of the accompanying presuit notice.

**None.**

D.      The persons or class of persons to whom the Patient authorizes such health information to be disclosed or by whom such health information is to be used:

1.      Any health care provider providing care or treatment for the patient.

2.      Any liability insurer or self-insurer providing liability insurance coverage, self-insurance, or defense to any health care provider to whom presuit notice is given, or to any health care provider listed in subsections B.1.-2. above, regarding the care and treatment of the Patient.

3.      Any consulting or testifying expert employed by or on behalf of **LEE COUNTY EMS**, and his/her/its insurer(s), self-insurer(s), or attorney(s) regarding the matter of the presuit notice accompanying this authorization.

4.      Any attorney (including his/her staff) employed by or on behalf of **LEE COUNTY EMS**, or employed by or on behalf of any health care provider(s) listed in subsections B.1.-2. above, regarding the matter of the presuit notice accompanying this authorization or the care and treatment of the Patient.

5.      Any trier of the law or facts relating to any suit filed seeking damages arising out of the medical care or treatment of the Patient.

2

F.     This authorization expires upon resolution of the claim or at the conclusion of any litigation instituted in connection with the matter of the presuit notice accompanying this authorization, whichever occurs first.

G.     The Patient understands that, without exception, the Patient has the right to revoke this authorization in writing. The Patient further understands that the consequence of any such revocation is that the presuit notice under s. 766.106(2), Florida Statutes, is deemed retroactively void from the date of issuance, and any tolling effect that the presuit notice may have had on any applicable statute-of-limitations period is retroactively rendered void.

H.     The Patient understands that signing this authorization is not a condition for the continued treatment, payment, enrollment, or eligibility for health plan benefits.

I.     The Patient understands that information used or disclosed under this authorization may be subject to additional disclosure by the recipient and may not be protected by federal HIPAA privacy regulations.

Signature of Patient/Representative: _____

Date: _10/12/18_____

Name of Patient/Representative: _Laurie Giordano_____

Description of Representative's Authority: _Personal Representative_

3

IN THE CIRCUIT COURT FOR LEE COUNTY, FLORIDA
PROBATE DIVISION

IN RE: ESTATE OF

File No. 18-CP-0003352

ZACHARY TYLER MARTIN-POLSENBERG

Division

Deceased.

LETTERS OF ADMINISTRATION
(single personal representative)

TO ALL WHOM IT MAY CONCERN:

WHEREAS, ZACHARY TYLER MARTIN-POLSENBERG, a resident of Lee County, Florida, died on July 10, 2017, owning assets in the State of Florida, and

WHEREAS, LAURIE ALICE GIORDANO has been appointed Personal Representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

NOW, THEREFORE, I, the undersigned Circuit Judge, declare LAURIE ALICE GIORDANO duly qualified under the laws of the State of Florida to act as Personal Representative of the estate of ZACHARY TYLER MARTIN-POLSENBERG, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

Ordered on_____, 2018.

The original of this
document was signed

FEB 2 8 2018

_____
Circuit Judge

By Keith R. Kyle
Circuit Court Judge

## AFFIDAVIT OF JOHN F. JARDINE, M.D.

### RE: ZACHARY MARTIN-POLSENBERG

STATE OF *Rhode Island*
  )SS:
COUNTY OF *Providence*)

BEFORE ME, the undersigned authority, personally appeared JOHN F. JARDINE, M.D., who upon oath and after being duly sworn deposes and says:

1.    I, JOHN F. JARDINE, M.D., am a physician licensed to practice medicine in the State of Rhode Island, Massachusetts and Connecticut. My Curriculum Vitae, attached, outlines my training, experience and qualifications. I have been an Emergency Medical Technician, and currently practice medicine in the specialty of emergency medicine, and am familiar with the standard of care, and subject matter of this claim.

2.    I have a background and experience in treating heat stroke, as an EMT and physician, similar to the circumstances of Zachary Martin-Polsenberg's care and treatment on June 29, 2017.

3.    I am, therefore, familiar with the professional standard of care for emergency medicine services similar to that provided to Zachary Martin-Polsenberg by Lee County Emergency Medical Services on June 29, 2017.

4.    I have reviewed the medical records of Zachary Martin-Polsenberg from Lee County Fire Department, Lee County Emergency Medical Services, Golisano Children's Hospital, Holtz Children's Hospital (Miami), and the Medical Examiner's Report by Mark J. Shuman, M.D.

5.     The following are my opinions based upon my review of the relevant medical records, my training, education and experience, and are within a reasonable degree of medical probability:

6.     That Zachary Martin-Polsenberg, date of birth September 6, 2000, participated in a summer, high school football practice the morning of July 29, 2017, starting around 7:00 a.m.

7.     That at the conclusion of practice, at approximately 10:30 a.m., Zachary Martin-Polsenberg "laid down in the back of the huddle". He then began convulsing and throwing up, and coaches poured cold water on him.

8.     9-1-1 was called at approximately 10:47 a.m., dispatching Fort Myers Shores Fire Department and Lee County Emergency Medical Services.

9.     Lee County Emergency Medical Services arrived at the scene on June 29, 2017, at 10:55 a.m., and was with the patient at 10:57 a.m. There was no ice tank available at the high school for Zachary Martin-Polsenberg. However, cold water and ice packs were being used in an attempt to cool him down, prior to Lee County Emergency Medical Services arrival.

10.     Lee County Emergency Medical Services had no ice, cooling devices, or other methods available to appropriately treat heat stroke and, instead, directed the air conditioning vents on him during subsequent transport.

11.     Lee County Emergency Medical Services departed the football field at 11:12 a.m., and arrived at Golisano Children's Hospital at 11:41 a.m. The total distance driven was 24.7 miles, and time elapsed since initial arrival with the patient was 44 minutes.

2

12.     It is my opinion within a reasonable degree of medical probability, that at the time of arrival with the patient at 10:57 a.m., Lee County Emergency Medical Services should have realized Zachary Martin-Polsenberg needed emergent care. Despite the unavailability of an Ice water tank, or other adequate cooling methods, they delayed until 11:12 a.m., to depart.

13.     Lee County Emergency Medical Services then bypassed the closest hospital, Lehigh Regional Medical Center, which was 10.4 miles away, and also Lee Memorial Hospital, which was 12.6 miles away, to transport Zachary Martin-Polsenberg to Golisano Children's Hospital, 24.7 miles away across town.

14.     That at the time of Lee County Emergency Medical Services' arrival at 10:57 a.m., Zachary Martin-Polsenberg was already unresponsive, he was tachycardic, tachypnic and his temperature was 105.4 degrees. His condition was emergent.

15.     In light of his critical condition, Zachary Martin-Polsenberg should have been treated as an emergency, and taken immediately to the nearest Emergency Room, which was only 10.4 miles away, instead of transporting him 24.7 miles to Golisano Children's Hospital.

16.     It is, furthermore, my opinion within a reasonable degree of medical probability that the delay of 15 minutes in departing the scene, and delay in transporting him an additional 14.3 miles to Golisano Children's Hospital, instead of the nearest hospital, resulted in an undue delay in hospital treatment, and cooling, substantially

3

contributing to his death.

17.   I have never been disqualified as an expert in any court of law and have not
been convicted of fraud or perjury in any jurisdiction.

FURTHER AFFIANT SAYETH NAUGHT.


By: _____
                    JOHN F. JARDINE, M.D.


        The foregoing Instrument was acknowledged before me this _13ᵗʰ_ day of
_September_ 2018, by _Robyn Ann Dingifore_, who took an oath and:

( ) Is personally known to me.
(✓) produced _Hospital Badge_ as Identification.


                                NOTARY PUBLIC
                                My Commission Expires: 3/6/2022

4

# John F. Jardine, MD

## PERSONAL INFORMATION

| | |
|---|---|
| Date of Birth | August 25, 1963 |
| Place of Birth | Goshen, NY |
| Citizenship | United States of America |
| | |
| Home Address | 142 Lincoln Street |
| | Franklin, MA 02038 |
| Home Phone Number | (508) 528-9155 |
| | |
| Business Address | Our Lady of Fatima Hospital |
| | 200 High Service Avenue |
| | North Providence, RI 02904 |
| Business Telephone Number | (401) 456-3402 |
| | |
| Email | johnjardinemd@gmail.com |

## EDUCATION

| | |
|---|---|
| Medical School | Doctor of Medicine, |
| | Health Sciences Center at Brooklyn, |
| | State University of New York |
| | May 1996 |
| | |
| Undergraduate | Bachelor of Science in Biology, |
| | State University of New York at New Paltz |
| | December 1989 |
| | |
| Other | New York State EMT-Paramedic |
| | 1985-1992 |
| | |
| | Associate in Applied Science in Med. Lab. Tech., |
| | Orange County Community College |
| | June 1984 |

## POSTGRADUATE TRAINING

Residency                                       Brown University Residency Program in
                                                Emergency Medicine, Rhode Island Hospital,
                                                Providence, RI
                                                June1996-June2000

## HOSPITAL APPOINTMENTS                        Attending Physician
                                                Department of Emergency Medicine,
                                                Our Lady of Fatima Hospital
                                                May 2016-present

                                                Attending Physician
                                                Department of Emergency Medicine,
                                                Landmark Medical Center
                                                July 2006-April 2016

                                                Attending Physician
                                                Department of Emergency Medicine,
                                                Falmouth Hospital
                                                July 2000-July 2006

                                                Chief Resident
                                                Department of Emergency Medicine,
                                                Rhode Island Hospital
                                                July 1999-June 2000

                                                House Officer/Resident
                                                Department of Emergency Medicine,
                                                Rhode Island Hospital
                                                June 1996-June 2000

## OTHER APPOINTMENTS                           Sports Medicine Committee
                                                Massachusetts Interscholastic Athletic Association
                                                May 2016-present

                                                Chief Medical Officer and Chairman
                                                Medical and Science Advisory Board
                                                Korey Stringer Institute
                                                College of Agriculture, Health & Natural Resources
                                                University of Connecticut
                                                June 2014-present

                                                Medical Director
                                                Falmouth Road Race
                                                August 2001-present

2

**EMERGENCY MEDICAL SERVICE**

EMS Director
Our Lady of Fatima Hospital
May 2016-present

Director of Out-of-Hospital Care
Landmark Medical Center
July 2006-April 2016

Board of Directors
Cape and Islands EMS System
May 2002-May 2007

Medical Director
Cape and Islands EMS System
March 2003-June 2006

Medical Advisory Committee
Southeastern Massachusetts Region V Council
March 2002-June 2006

EMS Medical Director, Falmouth Hospital
Monthly EMS/ Falmouth Hospital Case Critiques
February 2002-June 2006

RI DMAT Field Hospital Staff
9/11 deployment to New York City
September 11, 2001

RI DMAT Medical Support Hospital
Egypt Air 990 Recovery Mission
December 1999

**MEMBERSHIP IN SOCIETIES**

National Association of EMS Physicians
American College of Emergency Physicians
American Medical Society for Sports Medicine

**CERTIFICATIONS**

ABEM Board Certified 2001, 2011

3

## PUBLICATIONS

Consensus Statement-Prehospital Care of Exertional Heat Stroke. Belval LN, Casa DJ...Jardine JF. *Prehosp Emerg Care.* 2018 May-Jun;22(3):392-397.

Exertional heat illness incidence and on-site medical team preparedness in warm weather. Hosokawa Y, Adams WM...Jardine JF. *Int J Biometeorol.* 2018 Mar 29. (Epub)

Exertional Heat Illnesses chapter in: *Sport and Physical Activity in the Heat: Maximizing Performance and Safety.* Casa DJ, ed. 2018; 313-329.

Organization and Execution of On-site Health Care During a Mass Participation Event. Adams WM, Hosokawa Y...Jardine JF. *Athletic Training and Sports Health Care2018*: 10(3):101-104.

The Inter-Association Task Force Document on Emergency Health and Safety: Best-Practice Recommendations for Youth Sports Leagues. Huggins RA, Scarneo SE, Casa DJ...Jardine J, et al. *J Athl Train.* 2017;52(4).

Round Table on Malignant Hyperthermia in Physically Active Populations: Meeting Proceedings. Hosokawa Y, Casa DJ, Rosenberg H...Jardine J, et al. *J Athl Train.* 2017;52(2).

Environmental Considerations: Heat-Related Illness in: *The Sports Medicine Field Manual.* American Academy of Orthopedic Surgeons. Limpisvasti O, Krabak BJ, Albohm MJ, Wadsworth LT, Herring SA, Provencher MT ed. Rosemont, IL. 2015;177-190.

Effectiveness of cold water immersion in the treatment of exertional heat stroke at the Falmouth Road Race. DeMartini JK, Casa DJ...Jardine J. *Med Sci Sports Exerc.* 2014; 47(2):240-5.

Environmental conditions and the occurrence of exertional heat illnesses and exertional heat stroke at the Falmouth Road Race. DeMartini JK, Casa DJ...Jardine J. *J Athl Train.* 2014; 49(4): 478-85.

Jardine, JF: Neurological Emergencies, In *Pre-Hospital Care of the Elder Patient*, Prentice Hall, April, 2003.

Jardine, JF: Congestive Heart Failure, In *The Five-Minute Emergency Medicine Consult*, Lippincott, Williams and Wilkins, 1999.

**HONORS AND AWARDS**

Lifesaving Service Award
Korey Stringer Institute, 2015

Excellence in Trauma Care,
Falmouth Hospital, 2004

EMS Physician of the Year 2002,
Cape and Islands EMS System

Excellence in Emergency Medicine,
Society of Academic Emergency Medicine, 1996

Alpha Omega Alpha Honor Medical Society, 1996